MARÍN, PETITIONER, v. ACOSTA QUINTERO, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari against the District Court of Mayagüez in an Action for Damages.

No. 332.—Decided February 9, 1922.

CERTIORARI—DISCRETION OF COURT.—The granting of a writ of certiorari being highly discretional, a motion by an intervenor· for the discharge of the writ is also directed to the discretion of the court and will be sustained or overruled accordingly.

ID.—ATTACHMENT—SURETY.—It is not a sufficient ground for the discharge of a writ of certiorari issued at the instance of a surety who jointly and severally with another gave bond for the release of an attachment levied to secure the effectiveness of a judgment, that the petition for the writ was not made by both sureties, when it appears that only property of the petitioner was attached and all the facts induce the belief that he was the only person interested in the question raised.

ID.—Although a writ of certiorari to correct errors of procedure should be directed to the lower court, the fact that this practice has not been followed here is not a sufficient reason for discharging the writ returned by the court to which it should have been expressly directed. It will be sufficient simply to correct the title.

The facts are stated in the opinion.
*Mr. L. Feliú* for the petitioner.
*Mr. M. Acosta Velarde* for the adverse party.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Manuel Marín presented a petition in this court for a writ of certiorari directed to "the District Court for the Judicial District of Mayagüez, P. R., Hon. Angel Acosta Quintero, Judge," for the purpose of having a certain order of the said court set aside.

The petition alleged in substance that in an action for damages brought by Angel Acosta Quintero against Eugenio Lecompte and Genaro Cortés, which is still pending in the District Court of Mayagüez, the plaintiff levied an attachment on certain properties of the defendants and the attachment was dissolved later after a bond had been given by the petitioner, Manuel Marín, and Blás Ramírez; that the plaintiff recovered a judgment for $1,204; that on August 2, 1921, the petitioner "was served with a so-called summons issued in the said principal action at the instance of the plaintiff and accompanied by a copy of his motion, requiring the appellant and his co-bondsman, Blás Ramírez, to appear before the said district court to show cause why they should not be bound by the judgment rendered and entered by the said court on April 1, 1921, in favor of the said Angel Acosta Quintero and against the said Genaro Cortés and Eugenio Lecompte for the said sum, in accordance with the law governing cases of this kind, because the said defendants in the said principal action had not satisfied the said judgment in whole or in part;" that on September 1, 1921, an order was entered by special judge Bryan for a writ of attachment against the properties of the petitioner and his co-bondsman Ramírez to secure the satisfaction of the judgment.

The petitioner maintained that the order of September 1, 1921, was made without jurisdiction and contrary to the laws of procedure governing the matter: First, because when the said order was made no action had been filed, or was pending, for the fulfillment of any obligation. Second, because the motion of the plaintiff in the main action for sub-

mitting the bondsmen to the liability arising from the bond which they had given to dissolve the attachment is not a complaint and no action was brought when the said motion was filed in the court below. Third, because, in accordance with the Act to secure the effectiveness of judgments, this incidental remedy can be invoked only when a complaint has been filed. The remedy of the plaintiff in the main action was simply to move the court, as he in fact did, but that motion does not create or operate as a new action independent of the main action then pending before the same court and in which judgment had been rendered.

The court ordered that a writ issue in the usual form and it was duly issued and addressed to "Hon. Angel Acosta Quintero, Judge of the District Court for the Judicial District of Mayagüez."

On the day set for the hearing the petitioner appeared by his attorney and Angel Acosta Quintero, the plaintiff in the action for damages, who had asked leave to intervene in the proceeding, appeared also by his attorney, and the intervenor made a motion to discharge the writ. The motion was heard and the court took it under consideration, postponing the hearing of the case on its merits.

The grounds relied on by the intervenor were: 1st. That the petitioner had not complied with Rule 69 of this court; 2nd. That co-bondsman Ramírez was not made a party to the proceeding; 3rd. That the writ was not directed to the district court, but to Angel Acosta Quintero, Judge of the District Court of Mayagüez, although Judge Acosta Quintero had been substituted by Judge Bryan who was specially commissioned to try the case because Judge Acosta Quintero was the plaintiff in the action for damages.

1. From an examination of the copies of the documents which the petitioner delivered to the interested parties, the plaintiff in the action for damages and the intervenor in the

certiorari proceeding, it may be readily concluded that the petitioner did not duly comply with Rule 69 of this court, which provides, among other things, that "it shall be the duty of the applicant obtaining the order to serve or cause to be served upon such party, or parties in interest, a *certified copy* of the affidavit and *writ issued thereon,* in the same manner as upon the defendant named in the affidavit, and to produce and file in the office of the secretary of this court the same evidence of service."

However, as the intervenor not only acknowledged at the hearing that he had full knowledge of all of the proceedings, but also filed a pleading "answering, opposing and demurring to the petition" accompanied by a brief in support thereof, and also stated that he was ready to proceed with the case, we are of the opinion that the writ should not be discharged for the reason given. See the case of *González et al.* v. *Benítez Flores, District Judge,* 29 P. R. R. 281, and the jurisprudence which, as summed up in 11 C. J. 191, section 334, reads as follows:

"Since the issuance of the writ is to a great extent discretionary, a motion to quash is addressed to the discretion of the court, and will be granted or denied accordingly."

2. The intervenor cites in support of his second ground the following authorities:

"Persons jointly affected by the determination below must prosecute jointly, unless there is a severance; but one may prosecute on showing that his codefendant is incapable of consenting or is absent from the state, and on a release of errors by one the proceeding may continue in the name of the other.

"Thus, where there is a judgment against two defendants jointly, they not only may, but should, join in the application for the writ." 11 C. J., p. 142, sec. 118.

"The reason why one of two joint defendants is not permitted to prosecute the writ alone, without summoning the other defendant

and procuring an order permitting a severance, is that, unless this be done, the other defendant would retain his right to sue out another writ and would thus have it in his power to harass the plaintiff." *Hulick* v. *Casler*, 37 N. J. L. 621, 31 A 223, cited in 11 C. J. 142.

This rule is clear and has been well expounded and discussed, but the petitioner contends that he is in point of fact the only bondsman interested. The bondsmen bound themselves not only jointly, but principally and severally as well, and the attachment to secure the effectiveness of the judgment was levied only on properties of the petitioner.

This being so, we are of the opinion that the ground under consideration is not sufficient to justify the discharge of the writ.

3. The writ was, in fact, improperly directed. It was issued against "Hon. Angel Acosta Quintero, Judge of the District Court of Mayagüez." The petition was correctly styled. The real respondent, the district court, was named first and the judge was named in the second place.

"The court is the only necessary respondent in a proceeding to review its order, and it is not sufficient that the writ is directed to the judge of the court. 'The entire proceeding is leveled at the tribunal, board, or officer alleged to have exceeded the jurisdiction or authority conferred by law, and ordinarily these are deemed proper parties defendant of record.' " 11 C. J., p. 143, sec. 120.

"A writ to review the proceedings of an inferior court should be addressed to the court and not to a judge thereof, but if the proceeding was had before the judge as an officer it is properly directed to him. If it is sought not only to review the proceedings of inferior tribunals, but also to assail rights acquired by their action, the writ may be directed to persons claiming such rights." 6 Cyc. 797.

See also 3 Estee's Pleadings, pp. 773 and 774, secs. 5369 and 5370; 2 Sutherland, Code Pleading, Practice and Forms, 1366, 1378, 1379 and 1380.

The first case of certiorari appearing among the decisions of this court after the Act authorizing the writ went into effect in 1904 is reported in volume 6 (2nd ed.), page 202, and was entitled *Fernández v. The District Court*. The second writ was also directed solely to the court, 7 P. R. R. 320. In volume 8, page 276, there is reported a certiorari case entitled *Arpin v. Del Toro, District Judge*. Others may be found similarly directed. The better practice is to direct the writ to the court or board whose proceedings are to be reviewed. Not only does jurisprudence so establish, but it may be inferred from the very language of the law. Acts of 1904, p. 132, Comp. of 1911, p. 271. Including also the name of the judge of the court has the effect of subjecting him directly to the proceeding, is not contrary to the established rule and has been the practice of this court for many years. Therefore, the writs will hereafter be directed to the court and the judge thereof.

Now let us consider whether the error committed is such as to render the proceeding null and void. Our opinion is that it is not. The writ actually reached the district court, which, without difficulty, sent up the record of the proceeding and in this manner the proceeding to be reviewed is before us and we should not further delay our decisive intervention. The title of the proceeding should be corrected.

By virtue of the foregoing and in the exercise of our discretion we are of the opinion that the motion of the intervenor should be overruled, the title of the proceeding corrected and a new day set for the hearing of the case on its merits.

*Motion overruled.*

Justices Wolf, Aldrey and Hutchison concurred.